**BLAYDES v. BARNES.**

No. 3951.

Circuit Court of Appeals, Fourth Circuit.

Jan. 6, 1936.

Leon T. Seawell, of Norfolk, Va., and Joseph F. Hall, of Richmond, Va., for appellant.

John C. Parker, Jr., of Franklin, Va., for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and CHESNUT, District Judge.

NORTHCOTT, Circuit Judge.

This is an action at law instituted by notice of motion for judgment in the District Court of the United States for the Eastern District of Virginia, at Norfolk, in October, 1934, by the appellee, herein referred to as the plaintiff, against the appellant, herein referred to as the defendant, and one Rice M. Youell. A trial was had in March, 1935, and at the conclusion of the plaintiff's evidence the court directed a verdict, as to Youell, in his favor. The jury brought in a verdict in favor of the plaintiff against the defendant, Blaydes, in the sum of $5,000, upon which verdict judgment was entered. From this action of the court below this appeal was brought.

The accident which was the occasion of the suit occurred on the 13th day of December, 1933, on Virginia state highway No. 58, at a point near its intersection with the highway leading into Capron, Va. The plaintiff at the time of the accident was riding with her husband, Frank E. Barnes; the husband and wife being on a trip from their home in New York to Florida. A truck operated by the defendant was standing in a space near a filling station on the side of the station next to route 58, having stopped there for the purpose of letting out a passenger. The truck suddenly pulled out into highway No. 58, and the car and truck collided. As a result of this collision, the plaintiff was injured.

There was a conflict in the testimony as to just what happened immediately preceding the accident, and a number of witnesses were examined.

The first point raised on behalf of the defendant relates to the action of the trial court in directing a trial immediately following a mistrial that was ordered because evidence was brought out before the jury that an insurance company was interested in the defense of the case. When this fact was brought out, the court, at once, ordered a mis-

trial, discharged the jury, and started the next morning to try the case again over the objection of the defendant's counsel. We are of the opinion that the action of the trial court was proper, as the record discloses that the court was careful in selecting no jurors that had any knowledge of the incident that happened at the first trial, and there is nothing in the record to show that any jurors served in the second trial that had any knowledge as to the interest of the insurance company.

It is urged that the trial court erred in failing to sustain the motion of the defendant for a directed verdict in his favor, but with this contention we cannot agree. The evidence was conflicting, and there was ample evidence offered by the plaintiff to take the case to the jury.

It is also urged that the court erred in instructing that, under the Virginia Statutes, evidence that the plaintiff's husband was driving at a speed in excess of 45 miles an hour was only prima facie evidence of reckless driving and that such recklessness could be offset by evidence as to conditions surrounding the traffic, the width of the road, etc. The plaintiff's evidence was to the effect that the car was being driven between 45 and 50 miles an hour.

The Virginia statute is found in the Acts of Assembly 1932, c. 341, p. 650, §§ 61, 62, and reads as follows:

"Any person who drives a vehicle upon a highway recklessly, or at a speed or in a manner so as to endanger, or be likely to endanger life, limb or property of any person shall be guilty of reckless driving. * * *

"Restrictions as to speed; reckless driving.—(a) Any person driving a vehicle on a highway shall drive the same at a careful speed not greater nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing. Any person who shall drive any vehicle upon a highway at such speed as to endanger the life, limb or property of any person, or so as to unnecessarily block, hinder or retard the orderly and safe use of the highway by those following, or so as to cause congestion on the highway, shall be prima facie guilty of reckless driving.

"(b) Any person who shall drive at a speed exceeding the speeds set forth in this subsection shall be prima facie guilty of reckless driving."

Under the statute the speed limit on highway No. 58 was 45 miles an hour.

We are of the opinion that the court's charge on this question was correct (note, 86 A.L.R. 1273, 1283; Berry on Automobiles [6th Ed.] § 184, and Huddy on Automobiles [9th Ed.] § 171). It is not necessary, however, to decide this question, for the reason that the plaintiff was not driving the automobile, and the court clearly instructed the jury that, if they believed from the evidence that the plaintiff in her conduct "acted as a reasonably prudent wife, riding with her husband, would have acted in like circumstances," she could not be held guilty of contributory negligence. In Chesapeake & Ohio R. Co. v. Coffey (C.C.A.) 37 F.(2d) 320, we held that under the circumstances proven in that case the passenger in the automobile could not be charged with the negligence of the driver, and a discussion of that question will there be found. The negligence, if any there was, of the driver, could not be charged to the plaintiff.

The trial court, in the charge to the jury, went so far as to instruct them that, if they believed from the evidence that the accident was caused by the negligence of plaintiff's husband and that such negligence was the sole proximate cause of the accident, they should find for the defendant.

The Virginia rule as to the negligence of a passenger not driving the automobile is that the question of whether the passenger exercised ordinary care is one for the jury. Director General v. Lucas, 130 Va. 212, 107 S.E. 675; Shiflett's Adm'x v. Virginia R. & P. Co., 136 Va. 72, 116 S.E. 500; Morris v. Dame's Ex'r, 161 Va. 545, 171 S.E. 662.

This also seems to be the general rule: Hedges v. Mitchell, 69 Colo. 285, 194 P. 620; Noble v. Sears, 122 Or. 162, 257 P. 809; Wicker v. Scott (C.C.A.) 29 F.(2d) 807.

There are a number of other assignments of error which are not of sufficient importance to warrant discussion.

There was a conflict in the evidence as to whose negligence caused the accident; the charge of the judge was fair;

there was no error in the trial; the ac-·tion of the judge in proceeding with a new trial the day after the mistrial was ordered was, under his interrogation of the jurors, proper; the jury, by its verdict, decided that the accident was caused by the defendant's negligence and that the plaintiff was not guilty of contributory negligence; and the question whether the amount of the damages assessed by the jury was excessive is not reviewable by us. Herencia v. Guzman, 219 U.S. 44, 31 S.Ct. 135, 55 L.Ed. 81, and authorities there cited.

The judgment of the court below is accordingly affirmed.