# NORFOLK SOUTHERN RAILROAD COMPANY *v.* FEREBEE.

ERROR TO THE SUPREME COURT OF THE STATE OF NORTH CAROLINA.

No. 779.   Argued April 23, 1915.—Decided June 14, 1915.

In the courts of North Carolina in an action under the Employers' Liability Act, there was a trial in which under the state practice the jury returned a special verdict finding that the Railroad Company was negligent and that plaintiff was not guilty of contributory negligence. The appellate court on account of errors in the charge re-

lating exclusively to the subject of damages granted a partial new trial limited to the amount of damages, and on which the court refused to admit evidence as to plaintiff's contributory negligence. *Held* that:

A substantive right or defense under the Federal law cannot be lessened or destroyed by a state rule of practice, and ordinarily damages and contributory negligence are so blended that only in rare instances can the question of amount of damages be submitted to the jury without also submitting the conduct of the plaintiff.

In this case, however, as defendant had not asked for a modification of the special verdict or to introduce newly discovered evidence, nor offered any such evidence on the second trial, the question of damages could be considered without also considering that of plaintiff's contributory negligence as that question had been entirely eliminated from the case, and the defendant was not deprived of any Federal right.

The practice of granting a partial new trial in actions under the Federal Employers' Liability Act is not to be commended.

167 N. Car. 290, affirmed.

THE facts, which involve the construction and application of the Federal Employers' Liability Act and the validity of a verdict and judgment in an action thereunder against the carrier, are stated in the opinion.

*Mr. Murray Allen,* with whom *Mr. W. B. Rodman, Mr. John H. Small* and *Mr. R. W. Sims* were on the brief, for plaintiff in error:

It was competent for defendant to show violation of its rules by plaintiff at the time of his injury.

The Supreme Court of North Carolina committed error in confining the trial to the single issue of damages. *American R. R.* v. *Didricksen,* 227 U. S. 145; *Grand Trunk Ry.* v. *Lindsay,* 230 U. S. 42; *Gulf &c. Ry.* v. *McGinnis,* 228 U. S. 173; *Jarrett* v. *Trunk Co.,* 144 N. Car. 302; *Kingston* v. *Railroad Co.,* 112 Michigan, 6; *Kennon* v. *Gilmer,* 131 U. S. 22; *McGovern* v. *P. & R. Co.,* 35 S. C. Rep. 127; *Michigan Cent. R. R.* v. *Vreeland,* 227 U. S. 59; *Nor.*

*Car. R. R. v. Zachary,* 232 U. S. 248; *Nor. & West. R. R.* v. *Ernest,* 229 U. S. 114; *Pierce* v. *Railroad Co.,* 173 U. S. 1; *Pederson* v. *Del., Lack. & West. R. R.,* 229 U. S. 146; *St. L., I. M. & S. Ry.* v. *Hesterly,* 228 U. S. 702; *St. L., I. M. & S. Ry.* v. *McWhirter,* 229 U. S. 265; *St. L., S. F. & T. Ry.* v. *Seale,* 229 U. S. 156; *Seaboard Air Line* v. *Horton,* 233 U. S. 492; *Simmons* v. *Fish,* 210 Massachusetts, 568; Sutherland on Damages (3d ed.), § 1248; *The Fri,* 140 Fed. Rep. 123, 124; *Vicksburg &c. R. R.* v. *Putnam,* 118 U. S. 545; *Watt* v. *Watt* (1905), A. C. 115.

*Mr. Clyde A. Douglass* and *Mr. William C. Douglass* for defendant in error.

MR. JUSTICE LAMAR delivered the opinion of the court.

Ferebee was employed by the Norfolk Southern Railroad Company as a trainhand on a passenger train running from Raleigh, North Carolina, to Norfolk, Virginia. During the night, at some place on the journey the steps to the platform of one of the cars were torn away by coming in contact with some unknown obstruction. The consequence was that when Ferebee attempted to alight at a station, he stepped from the platform to the ground and received personal injuries for which he brought suit in the Superior Court of Wake County, North Carolina, under the Federal Employers' Liability Act (35 Stat. 65). The Company defended on the ground that the plaintiff had been guilty of contributory negligence in attempting to leave the car while it was in motion; in failing to hold on to the handrail; in failing to use his lantern and in failing to discover that the steps were missing. There was a trial in which, under the North Carolina practice, the jury returned a special verdict, finding, among other things, (1) that the Railroad Company was negligent, and (2) that the plaintiff was not guilty of contributory negligence.

The case was then taken to the Supreme Court of the State which, because of an error in the charge on the subject of damages, granted a partial new trial and remanded the case for a hearing in which the only question to be considered was the amount to be awarded the plaintiff. 163 Nor. Car. 351.

At the second trial the plaintiff, on cross-examination testified that when he left the car for the purpose of assisting passengers, he had in his hand a railroad lantern and by holding it beneath the platform and "making an examination like a car inspector" he could have seen that the steps had been torn away. He testified that he made no such examination and owing to the construction of the lantern—throwing light from the side instead of from the bottom—he did not see that they were missing. On motion of the plaintiff this evidence was excluded. Later the objection was withdrawn and the testimony admitted. On further cross-examination the plaintiff was asked if the rules did not require him to make such examinations. This evidence was excluded on the ground, among others, as stated in the argument here, that the rules themselves were the best evidence. The court refused to submit to the jury the question as to how much should be deducted from the damages sustained because of the plaintiff's contributory negligence, for the reason that the Supreme Court of North Carolina had granted a new trial to assess damages and had thereby excluded the issue of contributory negligence from the case.

The jury found for the plaintiff—the amount being somewhat larger than that named in the first verdict. The judgment thereon was affirmed. 167 Nor. Car. 290. The Company then brought the case here by writ of error, in which it contends that it was error for the Supreme Court to grant a partial new trial in which the question of damages only could be considered, inasmuch as the Employers' Liability Act entitles the defendant in all cases

to prove contributory negligence in mitigation of damages. On the other hand, the defendant in error contends that the question as to whether there should have been a partial new trial was a matter of procedure to be governed by the practice of the State of North Carolina.

But a substantive right or defense arising under the Federal law cannot be lessened or destroyed by a rule of practice. Damages and contributory negligence are so blended and interwoven, and the conduct of the plaintiff at the time of the accident is so important a matter in the assessment of damages, that the instances would be rare in which it would be proper to submit to a jury the question of damages without also permitting them to consider the conduct of the plaintiff at the time of the injury.

But this record, in connection with the special-finding first verdict, shows that in this case the two matters were in fact separable, so that the splitting up the issues and granting a partial new trial did not in this particular instance operate to deprive the defendant of a Federal right. For it appears that Ferebee had nothing to do with the loss of the steps and was not guilty of contributory negligence in failing to see that they were missing. His conduct at the time of his fall could not, therefore, affect the amount of the verdict so that it was possible, on the second trial, to award damages without considering the conduct of the plaintiff or retrying the question of contributory negligence.

The new trial was granted at the instance of the Railway Company. It did not ask the Supreme Court for a rehearing, or for a modification of the mandate, or for permission to introduce newly discovered evidence, nor was there any offer of such newly discovered evidence on the second trial. That offered and excluded was not in the nature of newly discovered evidence and the ruling of the trial court in reference to such evidence was in

accordance with the mandate of the Supreme Court.  The
other matters relied on here for a reversal involve no con-
struction of the Federal Act and are not of a nature to
warrant this court in granting a new trial.  *Seaboard Air
Line* v. *Duvall*, 225 U. S. 486.

Under the facts, therefore, it cannot be said that the
decision operated to deprive the Railway Company of a
Federal right.  But we recognize that the practice is not
to be commended.  Before granting partial new trials, in
any case under the Federal Employers' Liability Act, it
should, as said by the Supreme Court of North Carolina,
"clearly appear that the matter involved is entirely dis-
tinct and separable from other matters involved in the
issue  .  .  .  and that no possible injustice can be done
to either party.  In cases of this character we do not know
that the practice is generally to be commended."  The
North Carolina court further said in that case:—"An ex-
amination of all the evidence relating to the injury and
its cause and the conduct of the plaintiff, as well as of
defendant's agents, might show that it is so interwoven
with that relating to damage that to fairly ascertain what
is a just compensation the plaintiff should receive, if he is
entitled to recover at all, can best be determined by trying
the whole case before one judge and one jury instead of
'splitting it up' between different judges and different
juries."  *Jarrett* v. *Trunk*, 144 N. Car. 299, 302.  See also
*Simmons* v. *Fish*, 210 Massachusetts, 568.  *Kennon* v.
*Gilmer*, 131 U. S. 22, 28, deals with the Federal practice
in somewhat similar cases.

                                   *Judgment affirmed.*