## No. 9627.

### HEDGES *v.* MITCHELL.

Decided December 6, 1920.

Action by passenger against the driver of an automobile for damages. Judgment for plaintiff.

*Affirmed.*

1. MUNICIPAL CORPORATIONS—*Regulation of Park Driveways.* In the absence of special regulations by a municipal department of

improvements and parks, controlling traffic on park driveways, the general ordinances of the city will govern.

2.    *Park Management.*  In the management and control of parks, a department of the city government is administrative and not governmental.

3. NEGLIGENCE—*Violation of City Ordinance.*  The violation of a city ordinance is negligence *per se.*

4.    *Contributory Negligence.*  It is not the duty of a passenger on the rear seat of an automobile to warn and guide the driver as to his route of travel, speed, etc., and his failure to do so does not constitute contributory negligence.

5. EVIDENCE—*Presumptions—Instructions.*  The court will not take judicial notice of the existence of a foot rail in an automobile so constructed as to permit passengers to entangle their legs therein, and where there is no sufficient proof on the subject, a specific instruction relating thereto is not required.

6. VEHICLES—*Rules of the Road.*  A municipal ordinance requiring all vehicles on a circular roadway to drive to the right on entering, constitutes such roadway a "one way street."  On such a street, the rule requiring vehicles to drive on the right of the center is inapplicable.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Messrs. GILLETTE & CLARK, for plaintiff in error.

Mr. L. F. TWITCHELL, Mr. H. R. KAUS, for defendant in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in Error was Defendant and Defendant in Error was Plaintiff in the District Court and they are hereinafter so designated.

Plaintiff brought this action against defendant for damages for personal injuries sustained by him in an automobile collision while he was riding as a guest in defendant's car.  On a verdict for plaintiff in the sum of $5000, judg-

ment was entered and defendant brings the cause here for review.

Near the West entrance to the City Park in the City of Denver is a certain group of bronze figures referred to in the pleadings and briefs as "The Thatcher Monument." Entirely encircling this monument is a 93 foot driveway. 18th Avenue enters this driveway from the West and on the East side passes on through the park. Another Avenue known as "The Esplanade Entrance" intersects this circular driveway from the South. Defendant drove his car down the Esplanade entrance, turned to the left about the circular driveway, and on the right hand side thereof, out toward 18th Avenue, and there collided with an automobile belonging to James C. Burger, hereinafter referred to as "The Burger Car." The collision, the manner of it, and the resulting injuries to plaintiff, are undisputed. Plaintiff alleges that those injuries were caused by the negligence of defendant; first, in turning from the Esplanade entrance to the left, instead of passing to the right around the Thatcher monument; second, in driving at an excessive rate of speed. Defendant denied having driven at an excessive rate of speed, and denied any obligation imposed by ordinance, or otherwise, to keep to the right around the monument. He further contends that the injuries complained of were caused, or contributed to, by plaintiff's own negligence in that, first; having full knowledge, or being chargeable therewith, he neglected to protest the alleged negligence of defendant; second, that he carelessly caught his leg, or foot, in or on the foot-rest of the car, and by reason thereof was unable to protect himself when the collision occurred. As a further defense it is alleged that the collision was due to the negligence of the driver of the Burger car in failing to keep to the right on the circular driveway.

BURKE, J., after stating the facts above.

We have here presented for our consideration four questions. First:—Was defendant guilty of negligence in pass-

ing to the left instead of the right around the circular driveway? Second:—Was plaintiff guilty of contributory negligence in failing to protest the alleged negligence of defendant? Third:—Was plaintiff guilty of contributory negligence in becoming entangled in the foot-rest of defendant's car? Fourth:—Was the collision due to the negligence of the driver of the Burger car in being on the left of the center of the circular driveway?

1. Article III, Sec. 14 of the Denver City Charter (offered in evidence by defendant and excluded) provides:

"There shall be and is hereby created a Department of Improvements and Parks which shall have  *  *  *  full charge and control of all parks within or without the City, and parkways leading to or from said parks, heretofore under the control of The Park Board."

Under the authority of this provision the department thereby created has made no special regulations of traffic on such roadways as the one in question. Our attention has been directed to no authority holding that such failure would preclude the municipality itself from making such regulations. In the absence of any such enactment by the department the general ordinances control. *People v. Lloyd,* 178 Ill. App. 66, 71.

In the management and control of parks a department of the city government is administrative, not governmental. *City and County of Denver v. Bowen et al.,* 67 Colo. 315, 184 Pac. 357, 359.

The article in question did not therefore preclude legislation on the subject by the municipality. It was immaterial under the circumstances and properly excluded.

Sec. 2012 of the City Ordinances (introduced in evidence over the objection of defendant) provides:—

"A vehicle passing around a circular roadway shall keep to the right from the entrance or exit."

For the reason above stated this ordinance was controlling and its admission was proper. Defendant was admittedly violating it. Such violation was negligence *per se. Denver & R. G. R. R. v. Ryan,* 17 Colo. 98, 28 Pac. 79; *Den-*

ver O. & C. Co. v. Mills, 21 Colo. App. 582, 588, 122 Pac. 799. There can be no doubt under the evidence that such negligence was the proximate cause of plaintiff's injuries.

2. It is contended that some duty devolved upon plaintiff (a passenger on the rear seat of defendant's automobile) to warn and guide defendant as to his route of travel, his speed, etc., and that neglect to discharge that duty constituted such contributory negligence as to defeat recovery. If such be the law the instructions given were ample. But a duty to give such advice implies a duty to heed it and the rear seat driver is responsible for enough accidents as the score stands without the aid of judicial precedent. The place for a passenger who knows better than the driver of a car when, where and how it should be operated is at the wheel.

3. What has been said of the instructions on contributory negligence as applied to plaintiff's failure to caution and direct defendant is true also of the contention that plaintiff permitted his foot or leg to become "entangled" in the foot-rail. Moreover, while the use of automobiles is so universal that there are doubtless certain matters of common knowledge relating thereto which courts will notice judicially, the existence of foot-rails so constructed as to permit passengers to entangle their legs therein is not one of them; and there being no sufficient proof on the subject it required no specific instruction.

4. The ordinance requiring all vehicles on a circular roadway to drive to the right constitutes such roadway a "one way street." On such a street the rule requiring vehicles to drive on the right of the center is inapplicable. All are presumably traveling in the same direction. Every vehicle passing another must pass to the left. Those traveling slowly would of necessity be on the right. Since defendant contends that the Burger car was exceeding the speed limit its proper place on the roadway was to the extreme left. It is further contended that the excessive speed of the Burger car was the proximate cause of the accident. Whether that car was, or was not, being driven at an exces-

sive rate of speed the contention is disposed of by the fact that a Ford automobile, immediately preceding the car of defendant, first encountered the Burger car and had no difficulty in avoiding a collision.

Other alleged errors require no examination. The judgment is affirmed.

MR. JUSTICE SCOTT not participating.