## No. 10,891.

### JANESKIE *v.* KAIB.

Decided July 7, 1924. Rehearing Denied November 10, 1924.

Action for damages for personal injuries. Judgment for defendant.

### *Reversed.*

1. NEGLIGENCE—*Contributory—Jury Question.* A guest, in an automobile driven by defendant, who did nothing to protect herself from injury in a collision, under the facts disclosed, held not negligent as a matter of law, such question being for the jury.

2. *Reasonable Care—Emergency.* Reasonable care does not require a person meeting an emergency to act at all events, he not having time to decide what to do, or think of anything to do.

3. *Directed Verdict.* In a personal injury case, the evidence being such as to leave the question of contributory negligence in doubt, it was error to direct a verdict for defendant.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Mr. REES D. REES, Mr. C. E. WAMPLER, Messrs. WHEELER & ALLEN, for plaintiff in error.

Mr. G. W. HUMPHREY, Messrs. CRUMP & RILEY, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

UPON trial in an action for damages for negligently driving an automobile, the court, before the plaintiff had rested, directed a verdict for the defendant on the ground that the evidence, and especially plaintiff's own testimony, showed her guilty of contributory negligence. She brings error.

The plaintiff was the guest of defendant and was on the right of the rear seat of a Ford sedan which defendant, on the left front seat, was driving south on Franklin street in Denver. At Eighth avenue she turned west, i. e., to the right, and proceeded on the left or south side of that avenue for a distance of between ten and one hundred feet (the evidence is uncertain) when she collided with a car going east. The defendant was unhurt, but the plaintiff was thrown forward, she says, against the windshield and back on to the floor of the car and was thereby injured.

The plaintiff testified that as the cars approached each other the defendant said "I'm going to hit that car!"; plaintiff answered "Oh no you are not, Mrs. Kaib," and defendant replied "Yes, I am," and braced herself for the shock, but that plaintiff, though warned as above, did not brace herself or do anything else to avert injury. This failure on plaintiff's part is the contributory negligence which was the ground of the court's action. Taking this evidence in the light most favorable to the plaintiff, as we must, we think it cannot be said as a matter of law that she was negligent.

Even if the defendant's car went 100 feet on Eighth avenue before the collision, which we have no right to assume, it was in that situation not over ten seconds. This left little time for thought, but indeed the evidence does not compel the belief that the instant imminence of the danger was visible to plaintiff for more than one second. The jury may well have thought that plaintiff expected, till the last moment, that defendant would turn to the right where she ought to be and avoid the other machine. In such an emergency it cannot be said that twelve men might not

reasonably believe that plaintiff had acted with ordinary prudence. *Denver, etc. Co. v. Dwyer,* 20 Colo. 132, 139, 36 Pac. 1106. What time she had for consideration, and what, under the circumstances was reasonable prudence in that time, was for the jury.

Counsel for defendant seek to distinguish the cases concerning sudden emergencies on the ground that in all of them the plaintiff did something which proved to be the wrong thing but that the present plaintiff did nothing. This reasoning involves the premise that reasonable care requires one who meets an emergency to act at all events, even though he has not time to decide what to do or to think of anything to do, and that, in emergency, one who does the wrong thing is, as a matter of law, more prudent than one who does nothing. We cannot subscribe to that proposition.

It seems also that the court had to assume that there was something which plaintiff could have done to avoid injury, but the evidence shows nothing which we can say would have certainly saved her, and whether any thing in the evidence would have done so was for the jury.

It is true that sometimes the evidence is so clear and the conclusions to be drawn from it so certain that it must be said as a matter of law that there was contributory negligence as in *A. T. & S. F. R. Co. v. Page,* 76 Colo. 10, 227 Pac. 840, but here the conclusions are left in doubt.

Judgment reversed and new trial granted.

MR. JUSTICE ALLEN, sitting for MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD, concur.