# No. 14,046.

WILSON *v.* HILL.
(86 P. [2d] 1084)

Decided January 3, 1939. Rehearing denied February 6, 1939.

Mr. JOHN A. CARRUTHERS, for plaintiff in error.

410

Mr. David P. Strickler, Mr. Thomas M. Burgess, for defendant in error.

*En Banc.*

Mr. Justice Knous delivered the opinion of the court.

In the court below under the verdict of a jury the defendant in error, to whom we shall herein refer as plaintiff, had judgment against the plaintiff in error, who will hereinafter be called defendant, in the sum of $11,822.50 damages for personal injuries sustained by her in an automobile accident. Defendant was the driver of the car and plaintiff was riding therein as her guest. The complaint alleged that at the time of the accident defendant was incompetent to drive an automobile by reason of the circumstance that some time previous thereto she had undergone an operation wherein the ligaments leading to one of her arms were severed, which had rendered it practically useless, and, in addition, at said time she was suffering from a physical condition similar to that anteceding the first operation and which interfered with the use of her other arm. The fact of the operation, which took place two and one-half years before the accident, was conceded, but the testimony was in conflict with respect to the nature of the operation, the permanently debilitating effect thereof, and the present physical condition of the defendant. The evidence disclosed that a short time previous to April 10, 1934, defendant had invited the plaintiff and three other ladies to accompany her in her car to attend a church convention to be held in Canon City. On the date last given, with one Elsie Stagg driving defendant's car, the party proceeded from Colorado Springs, where they respectively resided, to Canon City where they remained in attendance at the convention until the following day when they began the return trip to Colorado Springs by way of Pueblo. Elsie Stagg drove defendant's car until they reached the intersection of the

Canon City road and the Colorado Springs-Pueblo paved highway. At this point, having directed Mrs. Stagg to stop the car, which she did, defendant announced her intention of driving from that point to Colorado Springs and, over the voiced protests of plaintiff and others in the party, while the car was stationary defendant changed places with Mrs. Stagg and then proceeded to drive north toward Colorado Springs. After having driven three or four miles, upon observing an automobile approaching from the north, defendant applied the brakes, the car skidded into the sand on the right shoulder of the highway, then was turned across the road and onto the left shoulder, then back to the road, across the highway and into the ditch on the right hand side thereof where it overturned, as a result of which plaintiff was seriously and permanently injured. It was contended by plaintiff that by reason of the alleged physical infirmities defendant was incapable of driving an automobile at the time of the accident and that this circumstance, combined with her alleged negligent operation of the automobile immediately preceding the accident, rendered her guilty of negligence consisting of "a willful and wanton disregard of the rights of others," thus bringing the case within this exception of the Colorado Guest Statute, section 371, chapter 16, '35 C. S. A. (chapter 118, p. 460, S. L. 1931). The defendant denied that she was negligent or physically incapacitated; asserted that her negligence, if any, did not amount to a willful and wanton disregard of the rights of others and that, in any event, plaintiff herself was guilty of contributory negligence. Inter alia, in her complaint plaintiff alleges "* * * that at said time [April 10] said defendant knew of her said [physical] condition and knew that the same was known to this plaintiff [and to other members of the party] * * * and none of the * * * parties would accompany said defendant on said trip unless some one other than the said defendant would operate said automobile; * * * that at the time of the preparation for said return trip

[April 11] said defendant stated to this plaintiff and the other occupants of said automobile that she intended to drive the car on said return trip to Colorado Springs; that said plaintiff and all of the other occupants of said automobile protested against the defendant so driving said automobile because of her incompetency so to do as hereinabove alleged, and in pursuance to said protests said defendant at said time permitted the said Elsie Stagg to start upon the return trip driving said automobile; and when said automobile reached said paved highway between Colorado Springs and Pueblo as aforesaid the said defendant again announced that she was going to drive the car and the said occupants * * * again protested to said defendant that she was incompetent to drive said automobile and that they objected to her so doing; that in spite of and over the protests * * *, said defendant * *, * took the driver's seat and proceeded to drive said automobile.'' Plaintiff's evidence disclosed that all members of the party were well acquainted with each other and, previous to the accident at least, were close friends and that the guests were acquainted with the physical condition of defendant and knew of her alleged incompetency to drive an automobile.

The defendant requested and the court refused to give the following instruction (requested Instruction No. 1): ''You are instructed that if you find and believe from the evidence that plaintiff was riding in the car of the defendant as a guest of the defendant and that plaintiff knew, as alleged in her complaint against the defendant, that the defendant was incapable of properly driving and controlling an automobile, and that said defendant was about to take the wheel and to drive, and did drive, the said automobile and that the plaintiff had an opportunity then and there to get out of the said automobile, and if under the same or similar circumstances a reasonably prudent person would have left said automobile, that it was the duty of the plaintiff then and there to get out of

said automobile, and her failure to do so constitutes contributory negligence and she cannot recover against the defendant if such failure contributed proximately to cause her injury." Among the grounds asserted for reversal, defendant assigns error upon the court's refusal to give this instruction.

Restatement of the Law—Torts, section 466, declares that plaintiff's contributory negligence may be either:

"(a) An intentional and unreasonable exposure of himself to danger created by the defendant's negligence of which danger the plaintiff knows or has reason to know, or

"(b) conduct which, in respects other than those stated in Clause (a), falls short of the standard to which the reasonable man should conform in order to protect himself from harm."

 Where the alleged wrongfulness of the defendant's act lies in its negligent character, the plaintiff is barred from recovery by either of the two forms of contributory negligence above stated. That the action before us is grounded upon negligence appears from the allegations of the complaint and by the words of the exception in our guest statute, hereinabove quoted, upon which this proceeding is grounded. See also *Millington v. Heidloff*, 96 Colo. 581, 45 P. (2d) 937. In view of this situation, it is unnecessary to discuss the law applicable to situations where the alleged wrongfulness of defendant's conduct does not depend upon its negligent character as, for example, where the accident was intentionally caused by the defendant. The form of contributory negligence described in Clause (a) frequently called "voluntary assumption of risk," in effect, actually amounts to the plaintiff's voluntarily exposing himself to an unreasonable risk. A common form of this type of contributory negligence arises from the plaintiff's entrusting his safety to a third person whom he knows to be incompetent or customarily negligent. Thus, except for certain exceptions not involved here, if a guest rides in an automobile know-

ing that the driver is physically incapacitated, ignorant of driving or habitually reckless or careless, he ordinarily cannot recover against the defendant through whose negligence an accident occurs, if incompetence or carelessness of the driver is a contributing factor in bringing about the accident. 4 Blashfield's Cyclopedia of Automobile Law and Practice, Permanent Edition, §2512; *Coster v. Matson,* 139 Kan. 124, 30 P. (2d) 107 (arising under a Nebraska Guest Statute); *Doggett v. Lacey,* 121 Cal. App. 395, 9 P. (2d) 257; *Maybee v. Maybee,* 79 Utah 585, 11 P. (2d) 973.

The American Law Institute in the Restatement of the Law of Torts, for the purpose of distinguishing the type of contributory negligence which we have last mentioned from the form of contributory negligence described in Clause (b), supra, has designated the latter, the negligence of inadvertence, as "casual" negligence. In the case at bar the jury was properly instructed that the contributory negligence of the plaintiff, when established, precluded recovery. In another instruction contributory negligence was defined as being "* * * the want of that ordinary care and prudence on the part of the plaintiff for his own safety which a person of ordinary intelligence would exercise under all the circumstances of the case, and which contributed to the injuries sustained, and that but for such want of care and prudence on the part of the plaintiff the injuries would not have been sustained." It is to be observed that this instruction defines contributory negligence of the "casual" type dealt with in Clause (b), supra, proper because of certain events transpiring immediately preceding the accident and having no bearing upon the subject being discussed, but makes no mention of the form of contributory negligence described in Clause (a), supra, which under the circumstances of this case, was equally pertinent to the factual questions submitted to the jury for solution.

Corollary to this proposition the jury should have been instructed concerning the factor of the plaintiff's

volition in continuing the journey after defendant commenced to drive the automobile. If a guest knows that danger may follow the operation of the car because of the physical incapacity of the driver, as plaintiff here alleged and testified was her conviction, it is the duty of the guest to take such measures as may be open to him to avoid the threatened injury and he is guilty of negligence if he fails to so do. If the discharge of such duty can only be met by leaving the vehicle at the first available opportunity, if such is offered, the passenger may be deemed guilty of contributory negligence if he elects to remain in the car, but the passenger's duty to leave the automobile must be judged in the light of all the surrounding facts and circumstances, such as the time of the day or night, the place and surroundings, the availability of other means of transportation and other pertinent considerations of similar nature. 5 Am. Jur., p. 773, §481; Restatement of the Law—Torts, pp. 1233-1234, section 466, subsection e. These questions all are essentially for determination by the jury under proper instructions.

While we do not approve defendant's requested Instruction No. 1, supra, in the precise form tendered, since it fails to include as a factor of this defense the essential requirement that the accident arose from the alleged physical incompetency of defendant, nevertheless we conclude that the jury should have been instructed on the elements we have discussed and which were included in the proffered instruction.

Since our conclusion requires a reversal of the judgment and the remanding of the cause for another trial, we deem it proper to state that in our opinion, under the evidence adduced, the trial court did not err in refusing to give defendant's requested Instructions Nos. 2 and 3.

Judgment reversed and cause remanded.

Mr. Justice Young and Mr. Justice Bock not participating.