No. 16,285.

LING *v.* PEASE ET AL.
(232 P. [2d] 189)

Decided May 14, 1951.

Mr. L. A. HELLERSTEIN, Mr. WAYNE D. CALDERWOOD, Mr. GRAHAM SUSMAN, for plaintiff in error.

Messrs. PERSHING, BOSWORTH, DICK & DAWSON, Mr. WINSTON S. HOWARD, Mr. ARTHUR K. UNDERWOOD, JR., for defendants in error.

En Banc.

MR. JUSTICE HAYS delivered the opinion of the court.

THIS is an action by Virginia Ling, a guest passenger in the automobile, to recover damages from Robert M. Pease, the owner, and Robert Pease, Jr., the driver thereof, for injuries incurred by her in an accident in which the car was involved. The trial court found, as a matter of law, that defendants were guilty of negligence, consisting of a willful and wanton disregard of the rights of plaintiff, and that plaintiff, as a matter of law, was guilty of contributory negligence in that she failed to warn the driver of a right-angle turn on the road ahead, and to protest the speed at which the automobile was being driven. A judgment of dismissal was duly entered.

The sole question presented is whether the trial court erred in taking the case from the jury.

The facts, as shown by the record, are that plaintiff, Virginia Ling, and Robert Pease, Jr., her friend (whom

she had met for the first time a few days before the accident), plaintiff's elder brother, Alfred Ling, and his friend Joy Jordan, were dinner guests at the home of plaintiff's parents in Arvada, Christmas eve, 1946. Shortly after midnight Tom Garcia, a friend of Alfred Ling, arrived and invited the two couples to a breakfast at the home of his friend in east Denver. Pursuant to said invitation the two couples, together with Garcia, left plaintiff's home about 12:40 a.m. in two cars. Alfred Ling and Joy Jordan were passengers in the back seat of Garcia's car, and plaintiff was a passenger in the front seat of defendant's auto. Defendant did not know the route to take to go to the appointed place, and it was arranged that he would follow the Garcia car, and that Alfred should ride in the Garcia car to direct the driver over a short-cut route suggested by and familiar to Alfred. The route took them easterly on Ralston Road, a distance of 1.3 miles from plaintiff's home to Graves street, the place of the accident; that the Garcia car, approximately 75 feet ahead of defendant's auto, was being driven at a speed of about 60 miles per hour; that defendant slowed up, but did not stop at Wadsworth avenue, a stop street; that plaintiff knew the cars were traveling too fast, and took her mind off the speed by filling her cigarette case, which she had just received as a Christmas present; that plaintiff knew that Ralston Road is a narrow street, and that there was a dead end at Graves street where it was necessary to turn to the right or to the left; that the cars, when they reached Graves street, skidded on loose gravel, which was on the hard surface, and went into a ditch on the east side of Graves street; that the defendant's car came to rest about even with the south line of Ralston Road; that as defendant was approaching Graves street, a house on the southwest corner of the intersection and Garcia's car ahead, obstructed his view; that he applied his brakes 100 to 125 feet west of Graves street when he saw Garcia's brake lights go on. There is nothing in the evidence

to indicate that plaintiff knew of the loose gravel on the hard surface of Graves street.

■ It is not questioned that there. is a duty on the part of an invited guest to warn the driver of an automobile of known impending danger and protest against driving in a reckless and dangerous manner to the extent that a reasonably prudent person would do under like circumstances, and also that if he fails to do so, he is precluded from recovery for injuries resulting from an accident.

■ The question here presented is, who shall determine whether or not the guest acted as a reasonably prudent person would under like circumstances? The author of American Jurisprudence, section 479, page 772, volume 5, states the rule in more detail than set forth above, and concludes: "But whether failing to protest against the conduct of the driver or failing to leave the automobile constitutes a want of ordinary care proximately contributing to the injury is a question of fact for the jury."

In *Wilson v. Hill*, 103 Colo. 409, 86 P. (2d) 1084, the rule was forceably applied as follows: "If a guest knows that danger may follow the operation of the car because of the physical incapacity of the driver, as plaintiff here alleged and testified was her conviction, it is the duty of the guest to take such measures as may be open to him to avoid the threatened injury and he is guilty of negligence if he fails to so do. If the discharge of such duty can only be met by leaving the vehicle at the first available opportunity, if such is offered, the passenger may be deemed guilty. of contributory negligence if he elects to remain in the car, but the passenger's duty to leave the automobile must be judged in the light of all the surrounding facts and circumstances, such as the time of the day or night, the place and surroundings, the availability of other means of transportation and other pertinent considerations of similar nature. 5 Am. Jur., p. 773, §481; Restatement of the Law—Torts, pp. 1233-

1234, section 466, subsection e. *These questions all are essentially for determination by the jury under proper instructions."* (Italics supplied)

We made the following pertinent observations in *United Brotherhood v. Salter,* 114 Colo. 513, 167 P. (2d) 954, where the guest statute was considered:

"Where the evidence is sufficient to raise a question as to plaintiff's knowledge and prudence, the determination of that issue must be submitted to the jury or other trier of facts. * * * In the case before us the court or jury was not required to accept plaintiff's testimony as to defendant's condition and his knowledge thereof as establishing the truth of the facts to which such testimony was directed, even though it is not contradicted by other direct evidence. * * * The fact that plaintiff knew Johns was a heavy drinker and that in addition to knowledge of his actual drinking he knew that Johns spent most of the afternoon at the barroom of the building, and that he was boisterous and argumentative, together with the fact that, admittedly, Johns showed positive evidence of intoxication just prior to the accident, *constitutes testimony and circumstances sufficient to have required a submission to the jury of the question of fact as to plaintiff's negligence in riding as his guest.* * * * Voluntarily becoming the guest of a driver who has been drinking intoxicants is analogous to becoming the guest of an operator who is known to have been a negligent driver. While the use of intoxicants is an indication that an operator is likely to drive recklessly, it does not establish negligence as a matter of law, but is evidence sufficient to raise the issue of contributory negligence.

"Where the guest has knowledge of substantial drinking of intoxicating liquor by the driver and there is evidence tending to show that such drinking was a contributing cause of the driver's negligence, then the issue as to whether the guest was sufficiently forewarned so that under all the circumstances he was negligent in becoming or remaining a guest in the car *should be sub-*

*mitted to the jury.* He is not barred as a matter of law except where his knowledge of the physical incapacity of the driver and the surrounding circumstances are such that reasonable men could draw but one inference as to his negligence.

\* \* \*

"In the present case plaintiff knew that Johns had been drinking intoxicating liquor and his speech and behavior just prior to the accident were strong evidence of its being a contributing cause of his negligence. *The issue of assumption of risk should have been submitted to the jury.*" (Italics supplied)

Concerning a somewhat similar situation, we said in *Janeskie v. Kaib,* 76 Colo. 148, 230 Pac. 392, "The jury may well have thought that plaintiff expected, til the last moment, that defendant would turn to the right where she ought to be and avoid the other machine. In such an emergency it cannot be said that twelve men might not reasonably believe that plaintiff had acted with ordinary prudence." To paraphrase the above language to make it fit the facts in the instant case, the jury may well have thought that plaintiff expected until the last moment that defendant would slow down at the proper place, as he had done at Wadsworth, and avoid going into the ditch.

The question of contributory negligence of a guest was considered in *Hedges v. Mitchell,* 69 Colo. 285, 194 Pac. 620, where the argument now advanced by defendant was discussed. It was there said: "It is contended that some duty devolved upon plaintiff (a passenger on the rear seat of defendant's automobile) to warn and guide defendant as to his route of travel, his speed, etc., and that neglect to discharge that duty constituted such contributory negligence as to defeat recovery. If such be the law the instructions given were ample. But a duty to give such advice implies a duty to heed it and the rear seat driver is responsible for enough accidents as the score stands without the aid of judicial precedent. The

place for a passenger who knows better than the driver of a car when, where and how it should be operated is at the wheel."

It is not necessary to speculate here as to whether or not the facts presented a situation which justified the court in removing the case from the jury, as that matter has heretofore been conclusively determined adversely to the contention of defendants. In *Carlson v. Millisack*, 82 Colo. 491, 261 Pac. 657, the trial court took from the jury the question as to the negligence of the defendant and the contributory negligence of the plaintiff under facts almost identical to those here considered. We there held:

"1. It was error to hold, as a matter of law, that the defendant was not guilty of negligence proximately causing the accident and the resulting death of the plaintiff's daughter. It was for the jury, not the court, to determine whether or not the defendant exceeded the statutory speed limit; and, if he did not exceed that limit, whether or not he was negligent in driving his car at the rate of speed at which he was driving it, on an unfamiliar road, on a dark night, when the headlights on his car 'weren't quite average', when the headlights 'would show—would say, 50 feet.'

"2. It also was error to hold, as a matter of law, that, if the defendant was negligent, Elsie was guilty of contributory negligence. Contributory negligence is negligence on the part of the injured person that so far contributed to the injury that without it the injury would not have occurred."

The above views are supported in annotations to be found in 15 A.L.R. (2d) 1165, 154 A.L.R. 924.

The test for determining when a trial court is justified, as a matter of law, in taking a case from the jury, is laid down in *United Brotherhood v. Salter, supra*. It was there stated that when the facts showing the guest guilty of contributory negligence are not disputed, plain-

tiff is barred from recovery, citing *Hirsch v. D'Autremont*, 133 Cal. App. 106, 23 P. (2d) 1066. The court in that case, however, added what is here pertinent that, "We are of the opinion also that even where there is no conflict in the evidence, if reasonably minded men may draw different conclusions therefrom it is still a matter for the jury to determine whether or not under such undisputed facts the conclusion should be drawn that plaintiff acted as an ordinarily prudent person would have acted under the same circumstances, or otherwise."

In a later California case decided by the Supreme Court of that state, *Lindemann v. San Joaquin Cotton Oil Company*, 5 Cal. (2d) 480, 55 P. (2d) 870, after quoting the above language from the Hirsch case, the court added, "The rule therefore is, What would a reasonable person have done in plaintiff's position, seeing what he saw, knowing what he knew in the light of the circumstances of his situation, and affected by the human propensities or elements which ordinarily enter into the formation of and influence the judgment."

The question before us in the final analysis is: What would an ordinarily prudent person do if confronted with the same circumstances that were faced by plaintiff? Putting the question another way, assuming the facts to be undisputed, May more than one conclusion or inference be drawn as to what a reasonably prudent person would do under like circumstances? We are firmly convinced that the facts and circumstances here considered require the submission of the issues to a jury, and that the action of the trial court, determining that defendant was guilty of "wanton and willful conduct," and plaintiff guilty of contributory negligence, as a matter of law, should be, and accordingly is, reversed, and the cause remanded for a new trial, the questions involved to be submitted to a jury for determination.

MR. CHIEF JUSTICE JACKSON, MR. JUSTICE MOORE and MR. JUSTICE HOLLAND dissent.

MR. JUSTICE HOLLAND dissenting.

I dissent from the majority opinion herein in all respects, with the exception of the direction that the case be remanded for submission to a jury, but not submitted on the question as directed therein.

While it is alleged that plaintiff was an invited guest of defendant, the complaint does not strictly conform to the requirements of the guest statute, being section 371, chapter 16, '35 C.S.A., in that there is no claim of a "wilful and wanton disregard of the rights of others." The complaint alleges, "That said negligent acts proximately caused said accident and plaintiff's injuries and damages as hereinafter set out, and that said negligence consisted of a *reckless* and willful disregard of the rights of others, including this plaintiff." This allegation more nearly conforms to the exemplary damage statute, being section 6, chapter 50, '35 C.S.A. The latter statute in so far as it is in conflict with the so-called guest statute, is repealed. The clear intention of our legislature in 1931 in enacting the guest statute was to limit the liability of the owner or operator of a motor vehicle. The basis of liability is unequivocally limited to an intentional accident, intoxication, and willful and wanton disregard of the rights of others. Negligence cannot be constructed from either of these three bases. Since there are no recognized degrees of negligence in Colorado, the statute specifically means something more than negligence. Therefore, the word "negligence" as found in the guest statute is a meaningless expression and should not be allowed to shadow the true sense of the statute.

Our statute seems to be more rigid in its terms than the so-called guest statute of most other states. It is article 5, chapter 16, section 371, '35 C.S.A., and is as follows: "No person transported by the owner or operator of a motor vehicle as his guest, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury,

death or loss in case of accident, unless such accident shall have been intentional on the part of such owner or operator or caused by his intoxication, or by negligence consisting of a wilful and wanton disregard of the rights of others. The provisions of this section shall not relieve a public carrier or any owner or operator of a motor vehicle while the same is being demonstrated to a prospective purchaser, of responsibility for any injuries sustained by a passenger being transported by such public carrier or by such owner or operator."

It cannot successfully be contended, as expressed by the clear words and meaning of the above statute, that the legislature intended to first relieve the owner or operator of liability from negligence in any of its usually recognized degrees and then by the same statute, make him liable for any degree of negligence. As has been aptly said, the legislature was not engaging in the process of "marching uphill and then marching down again."

This court has never directly passed upon the question of whether or not contributory negligence is available as a defense under this statute. It seems unanswerable that if there can be no negligence under this statute, then there is no negligence toward which a claimant by his acts could contribute. "The defense of contributory negligence is not available where injury is inflicted under conditions open to the charge of wilfulness or wantonness." *Bordonaro v. Senk,* 109 Conn. 428, 147 Atl. 136, and cases there cited.

The only question to be resolved under this guest statute is whether the acts of defendant were willful and wanton. If there was no conflict in that evidence, then it is for the court to determine; however, if the facts are in dispute, they are to be submitted to the jury under definite instructions as to what constitutes willful and wanton disregard of plaintiff's rights.

It is to be noted that here we have no claim of "willful" disregard of plaintiff's rights and the matter of intoxication is not involved, and, as I have said before,

negligence is not involved. If the acts are negligent, they are not willful or wanton, and if willful and wanton, it is not negligence. Since willfullness and wantonness is more than negligence, it logically follows that contributory negligence is not an element to be considered or dealt with either by pleading, proof or instructions of the court under this statute. Anything that suggests the act to be willful or wanton goes beyond negligence. Here the defendant's acts are to be measured by that yardstick alone.

In this case there is no place for the jury to be permitted to determine whether or not, either the plaintiff or defendant did what an ordinarily prudent person would have done under the circumstances, or failed to do what a person of ordinary prudence would have done under the circumstances, but to recover, plaintiff must allege and prove more than that, namely, wanton and willful disregard of plaintiff's rights.

It is my opinion that the judgment should be reversed and the cause remanded with directions to submit the case to the jury under proper instructions upon one question only, that is, were the acts of defendant that are complained of by plaintiff, willful and wanton acts in disregard of her rights?