No. 16,556.

MURROW ET AL. *v.* WHITELEY ET AL.
(244 P. [2d] 657)

Decided April 21, 1952.   Rehearing denied May 12, 1952.

Mr. Joseph P. Constantine, for plaintiffs in error.

Mr. DAVID J. McKEE, for defendant in error Harriet Whiteley.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

MONTFORD S. WHITELEY and Harriet Whiteley, plaintiffs below, appearing here as defendants in error, brought an action against James Murrow and Gerald J. Robinson, defendants below and plaintiffs in error here, to recover judgments for damages resulting from an accident while passengers in an automobile owned by James Murrow and driven by Gerald J. Robinson. At the trial, on motion of Montford S. Whiteley, the action as to him was dismissed, and the jury returned its verdict in favor of Harriet Whiteley in the sum of $1,082.00; appropriate judgment was entered, to reverse which the cause is brought here by writ of error.

Harriet Whiteley, by cross specification of points, complains of the inadequacy of the damages awarded her, and seeks an order remanding the cause for retrial on the question of damages only.

We will herein refer to Harriet Whiteley as plaintiff; to James Murrow as Murrow and to Gerald J. Robinson as Robinson or defendants.

It is alleged in the complaint that about 2:30 o'clock A. M., on September 21, 1948, Murrow and Robinson and a lady were proceeding easterly from Broomfield in an automobile on their way to Denver, Murrow being the owner of the automobile, and Robinson, with Murrow's consent, being the driver thereof. Shortly after they left Broomfield plaintiff became a passenger in the automobile. Murrow and Robinson were both intoxicated, and an accident occurred while Robinson was operating the automobile allegedly in a negligent manner, consisting of a wilful and wanton disregard of the safety of plaintiff. Plaintiff suffered great physical pain and permanent

physical disabilities and incurred expenses for medical treatment and hospital care, for which she sought judgment in the sum of $382.00 for loss of income; $15,000.00 for pain, suffering and permanent injuries; $700.00 for medical and hospital bills, and exemplary damages in the sum of $10,000.00.

Defendants in their answer admit that they were traveling in the automobile at the time and place mentioned, with Robinson as the driver, and Murrow being the owner thereof, and at the time and place as alleged by plaintiff she became a passenger in the automobile. They deny each and every other allegation in the complaint. For a second defense they allege that the injuries incurred were the result of plaintiff's contributory negligence; for a third and further defense it is alleged that at the time and place mentioned in the complaint plaintiff was "hitchhiking"; requested transportation from near Broomfield, Colorado; and assumed all risks in connection with her transportation. For a fourth and further defense they allege that plaintiff and her husband were both intoxicated and assumed all risks in requesting transportation; and for a fifth defense it is alleged that plaintiff, by the exercise of reasonable precaution, knew or should have known of Robinson's intoxication, and, by continuing as a passenger, she was guilty of contributory negligence and assumed all risks.

Plaintiff's evidence is to the effect that about midnight on September 20, 1948, she and her husband had been in Boulder and were returning to Denver with a friend or acquaintance, who, because of some words or attitude of his, aroused resentment in plaintiff's husband, and they left the automobile at some point east of Broomfield. While standing at the side of the road, Murrow, in his automobile, passed them a distance of several yards, then stopped and returned to them, and someone in the car asked plaintiff and her husband if they were on their way to Denver and wished to ride. An affirmative answer was given. According to plaintiff and her husband,

there was a lady in the front seat of the automobile, sitting between Murrow and Robinson, and in the back seat was an elderly man, who, immediately upon plaintiff and her husband being seated in the automobile, offered them a drink of whiskey from a bottle which he had in his possession. They declining to partake, the bottle was passed to the two men in the front seat, each of whom took a drink therefrom. Almost immediately thereafter the accident occurred. The car was being driven at an excessive rate of speed, and within a short distance ran through a stop sign, and into a northerly and southerly main highway. In the effort to stop the car it was overturned, with resulting injuries to plaintiff.

At the junction where the accident occurred was a cafe operated by Mr. and Mrs. Cell. At the trial Mr. Cell testified that upon being aroused by a passing motorist, he immediately went to the scene of the accident to render whatever assistance was necessary. At the scene of the accident he found plaintiff and her husband, Robinson, Murrow, and a lady. He noticed that Robinson was unsteady in walking; he detected the odor of intoxicating liquor on his breath; but was unable to say whether it was beer or whiskey. He found a "fifth of whiskey" that had been thrown about twenty-five feet from the car, about a third full of the liquor. When he brought this bottle back to the car, someone said, "I see you have found the evidence."

Mrs. Cell testified that she served coffee to Murrow, Robinson and the young lady, and detected the odor of liquor on the breaths of one or more of them.

Mr. Green, another witness, who lived near the scene of the accident, testified that almost immediately after it occurred he was at the scene, and, so far as he could tell, "they was pretty well all polluted." That is, all but plaintiff, who then was in the wrecked car.

Mr. Crews, a courtesy patrolman, arrived at the scene of the accident about twenty-five minutes after it occurred. He testified that he could smell liquor on the

breath of Murrow and Robinson, and that Robinson's ability to operate an automobile had been greatly impaired by imbibing intoxicating liquors; that Mr. Robinson apparently was more intoxicated than Murrow; their walk was unsteady; and their speech slurred. This witness further testified that he took measurements at the scene of the accident, and that from the point where the first skid-marks appeared it was seventeen feet easterly of the stop sign, and that the marks were plainly discernible for 128 feet. The car ran into a small ditch and landed in a deep irrigation ditch, where it came to rest.

Plaintiff and her husband both testified that immediately after they were seated in the car the driver drove very rapidly. She became alarmed and complained to her husband about the speed at which the car was being driven and the intoxication of the menfolks in the car. Her husband told her to remain quiet until they reached the stop sign, where they could alight, and he could phone from the cafe for a taxicab.

Plaintiff, as a result of the injuries received in the accident, was confined in a hospital for eleven days; placed in a cast from her shoulders to her hips, which she was obliged to wear for three months; and thereafter wore a brace until July, 1949; at the time of the trial she still wore the brace when fatigued; lost her salary as an instructor of nurses for a period of more than six weeks. She incurred doctor expenses in the sum of $700.00 or more, and hospital, medical and incidental expenses in excess of the sum of $382.00. According to the undisputed testimony of one or more physicians, her permanent disability resulting from injuries incurred in the accident is thirty per cent.

Defendants and their lady passenger denied that there had been any man in the rear seat with a bottle; that any of them had had any liquor since 9 o'clock; and that at that time they had taken only a moderate amount of 3.2 beer; denied their intoxication; and testified that the car was being driven between fifty and sixty miles an hour;

alleged that the accident was occasioned because of an automobile approaching them with bright lights, thus blinding Robinson so that he was unaware of the stop sign, and in his effort to stop the car upon learning of the stop sign, it skidded from the highway, coming to rest in a ditch, as testified by the courtesy patrolman.

At the conclusion of plaintiff's evidence, defendants moved for a dismissal of her action based upon three grounds: 1. Remaining in the automobile after she discovered the intoxication of the driver; 2. the assumption of risk based upon the ground that she knew or should have known when she entered the automobile that the driver thereof was under the influence of intoxicating liquor, and continued without protest to ride therein; 3. "that Harriet Whiteley has failed and refused to show that she was a guest in the automobile." These motions were denied.

At the conclusion of all of the evidence defendants interposed a motion for "non-suit" based upon the grounds set forth in their motion for dismissal. This motion also was denied.

The specifications of points are seven in number and may be summarized as follows: The court's refusal to grant defendants' motions to dismiss or for directed verdict; 2. failure "to rule that the said Plaintiffs were not guests as contemplated by the 'Guest Statute' of the State of Colorado"; 3. instructions given or refused.

■ 1. There was competent evidence before the jury that defendants were intoxicated and that Robinson, being intoxicated, drove the automobile in such a negligent manner as to evidence a wilful and wanton disregard of the safety of plaintiff, and that the intoxication and wilful and wanton disregard of plaintiff's safety was the proximate cause of the accident resulting in her injury. No error was committed by the trial court in denying defendants' motions.

2. We call attention to the fact that section 371, chapter 16, '35 C.S.A., omits the phrase "of action" immedi-

ately following the word "cause." By reference to section 1, chapter 118, S.L. 1931, we find the statute reads in part as follows: "No person transported by the owner or operator of a motor vehicle as his guest, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or loss in case of accident, unless such accident shall have been intentional on the part of such owner or operator or caused by his intoxication, or by negligence consisting of a willful and wanton disregard of the rights of others. * * *"

It is conceded by plaintiff that she was a guest in the automobile, and there was no payment for the transportation. Under section 371, supra, defendants would not be liable to plaintiff for injuries resulting from simple negligence. However, if the jury found from competent evidence that the operator of the automobile was intoxicated and driving it with the consent of the intoxicated owner, then the provisions of the statute are such that the owner and operator both would be liable for injuries resulting to a guest from an accident. Likewise, if the operator of the automobile, with the consent and in the presence of the owner, was driving in such a manner as to indicate a wilful and wanton disregard of the safety of plaintiff, even though she was a guest, nevertheless both would be liable for resulting injuries occasioned by an accident.

We have had occasion to construe section 371, supra, in *Millington v. Hiedloff,* 96 Colo. 581, 45 P. (2d) 937; *Foster v. Redding,* 97 Colo. 4, 45 P. (2d) 940; *Bashor v. Bashor,* 103 Colo. 232, 85 P. (2d) 732; *Wilson v. Hill,* 103 Colo. 409, 86 P. (2d) 1084; *Edelen v. Simpson,* 112 Colo. 1, 144 P. (2d) 986; *United Brotherhood v. Salter,* 114 Colo. 513, 167 P. (2d) 954; *Dobbs v. Sugioka,* 117 Colo. 218, 185 P. (2d) 784; *Ling v. Pease,* 123 Colo. 518, 232 P. (2d) 189. A careful study of these decisions convinces us not only that guests but "hitchhikers" and "bums" as those terms are used in *Dobbs v. Sugioka, su-*

*pra,* are not to be injured and permanently crippled while riding in an automobile operated by an intoxicated driver unless the guest, "hitchhiker" or "bum" voluntarily assumes the risk and knowingly undertakes the hazard of riding in an automobile operated by such a driver. In the instant case it is contended that plaintiff should have left the automobile upon discovering the intoxication of the driver. The evidence is conclusive that upon entering the automobile it immediately was started in an abrupt manner and at a great rate of speed, and continued from that time until the accident at a speed of fifty to sixty miles an hour. Plaintiff's complaint to her husband about the intoxication of the driver and the speed at which the automobile was being driven was met with a statement that when the automobile reached the stop sign they could depart therefrom, but this opportunity never was afforded plaintiff.

The issues of contributory negligence and the assumption of risk were submitted to the jury upon proper instructions, and, assuming that there was competent evidence to justify the submission of these questions to the jury, the verdict was in favor of plaintiff and adverse to defendants, and the judgment entered thereon will not be disturbed.

3. Defendants tendered two instructions, both of which were refused by the court. The first was: "No person shall stand in a roadway for the purpose of soliciting a ride from the driver of any private vehicle." Viewing the evidence in the light most favorable to the successful party, it is that defendants, or one of them, invited plaintiff to become a guest in the automobile rather than plaintiff soliciting a ride therein. In any event, as we have said, under the evidence in this case, it is immaterial whether plaintiff solicited or was invited to ride in the automobile. This would not necessarily relieve defendants of liability if the proximate cause of the injury was intoxication or resulted from wilful and wanton negligence.

The other tendered instruction reads: "The court instructs the jury that under the Guest Statute of the State of Colorado, as set forth in these instructions, a person who is carried for his own convenience, for his own business or pleasure, and those invited by the operator of a motor vehicle as a mere generous gesture, are not entitled to recover under the Guest Statute.

"If you find from the evidence that the plaintiffs were carried for their own convenience, or invited by the operator to ride in the automobile as a mere generous gesture, then you will find for defendants."

The most casual reading of section 371, supra, will convince one that this instruction is not a proper one for it omits therefrom all reference to the intoxication of the driver or owner and likewise negligence consisting of a wilful and wanton disregard of the rights of others. No error was committed in refusing either tendered instruction.

■ Defendants objected to the giving of the court's instruction No. 6. This instruction reads:

"You are instructed that the word or term 'guest,' as used in the statute, may be defined as one 'entertained without pay,' 'a person to whom hospitality is extended.' "

The court by its instruction No. 5, set out section 371, supra, in haec verba, and while the definition of the word "guest" is not full and complete, nevertheless, as applied to the evidence in this case, it was sufficient.

We have read and carefully considered all of the decisions of this court construing and interpreting section 371, supra, and, in accordance with these decisions and under the evidence and the instructions of the court in the present case, we conclude that defendants are not entitled to a reversal of the judgment. No error was committed in the admission of evidence or in the instructions given the jury.

■ Plaintiff moved the trial court for a new trial on the question of damages only, and this motion was de-

nied. She is here by cross specifications of points, the only one of which we deem necessary for consideration is the refusal of the trial court to grant her a new trial because of the inadequacy of damages. In this connection it should be remembered that the judgment of $1,082.00 was the exact amount alleged and proven to have been the physicians' fees and other expenses necessitated by reason of plaintiff's injuries, and in view of the fact that plaintiff was disabled for a long period of time, during which she was obliged to wear a cast and use a brace for her back injuries; that she was hospitalized for about eleven days; suffered seriously as a result of her injuries, and the undisputed testimony that her permanent disability is thirty per cent, it is apparent that the court's instructions as to damages were entirely ignored by the jury. The undisputed facts were not taken into consideration by the jury in its verdict.

Here there were at least three distinct and separate issues for the jury's consideration. First, was plaintiff a guest under the provisions of section 371, supra? The answer to this first issue is that plaintiff concedes that status. Second, was the proximate cause of her injuries the intoxication of the driver of the automobile or the operation of the same in wilful and wanton disregard of her safety? Third, if the jury determined that plaintiff was a guest and found either intoxication or a wilful and wanton disregard for her safety, then what damages was plaintiff entitled to recover?

As we have said, the first issue is conceded.

The second issue was separate and distinct, and calls for a determination whether the intoxication of the operator of the automobile or his negligence, consisting of a wanton and wilful disregard of the safety of plaintiff, was the proximate cause of plaintiff's injuries. The jury, upon competent evidence and proper instructions, found this issue in plaintiff's favor.

The third issue, separate, distinct and apart from either of the other two, was what sum, under the evi-

dence and instructions of the court, should be awarded plaintiff for damages for her injuries. By the instructions of the court, the jury was advised that it should assess actual damages for plaintiff's expenditures in hospital and doctor bills, ambulance costs; drugs X rays, and so forth, and, in addition thereto, plaintiff, under the instructions of the court, was entitled to damages in such sum as would reasonably and justly compensate her for her injuries, the nervous shock sustained by her, and physical and mental pain and anguish presently and in the future to be endured by her. She also was entitled, according to the court's instruction, to damages for her permanent injury and disability, and loss of earnings, as well as loss of future earnings by reason of her disability, and also the costs of future medical attention, but, according to the court's instruction, her damages were limited to the sum of $15,585.16. As we have said, the jury failed to follow the court's instruction in the assessment of damages.

Under our rule 59 C (a), R.C.P., "A new trial may be granted to all or any of the parties, and on all or part of the issues, after trial by jury, court or master. * * * Subject to the provisions of rule 61, a new trial may be granted for any of the following causes: * * * (5) Excessive or inadequate damages."

We call attention to the fact that the first full sentence of our rule 59 C (a), supra, is almost identical with that of rule 59 A, Federal Rules of Civil Procedure.

The first case we have found supporting plaintiff's request for a retrial on the question of damages only is *Norfolk Southern Railroad Co. v. Ferebee,* 238 U.S. 269, 35 Sup. Ct. 781, 59 L. Ed. 1303, where it was held that before granting a partial new trial on the question of damages only, it should "clearly appear that the matter involved is entirely distinct and separable from other matters involved in the issue. * * * and that no possible injuries can be done to either party. * * * "

In *Gasoline Products Co. Inc. v. Champlin Refining*

*Co.*, 283 U.S. 494, 51 Sup Ct. 513, 75 L. Ed. 1188, where a question similar to the one here arose, it was said: "Where the practice permits a partial new trial, it may not properly be resorted to unless it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice."

In *May Department Stores Co. v. Bell*, 61 F. (2d) 830, Judge Sanborn, in announcing the opinion of the court, said with reference to retrials on the question of damages only: "The question then arises whether this case shall be remanded for a new trial upon both issues [negligence and damages].

"The issues are separate and distinct. It seems unjust that the plaintiff should be required to retry the issue of liability because of an erroneous instruction as to an item of damages. The finding of the jury should have put the question of liability at rest.

\* \* \*

"The Supreme Court, however, has held that a new trial may be granted, restricted to the issue of damages. The question first arose in *Norfolk Southern R. Co. v. Ferebee*, 238 U.S. 269, 35 S. Ct. 781, 59 L. Ed. 1303, where such separation was hesitatingly allowed; and again appeared in *Gasoline Products Co., Inc., v. Champlin Refining Co.*, 283 U.S. 494, 51 Sup. Ct. 513, 75 L. Ed. 1188. \* \* \* "

In *May Department Stores Co. v. Bell, supra,* many decisions from other jurisdictions are cited, all supporting the rule announced in *Norfolk Southern Railroad Co. v. Ferebee, supra.*

So far as we have learned, these opinions were announced prior to the adoption of Federal Rules of Civil Procedure. From cases subsequent to the adoption of those rules, we quote from the syllabus in *Chesevski v. Strawbridge & Clothier*, 25 F. Supp. 325: "Where damages assessed by verdict were grossly inadequate and there was no need of another trial on other issues raised

in a negligence action, new trial would be granted as to damages only."

From the decision in *Atkinson v. Dixie Greyhound Lines, Inc.*, 143 F. (2d) 477, the following is cited with approval: " 'It is now well established, notwithstanding doubt expressed in the some earlier cases as to the common-law power of a reviewing court to limit issues when ordering a new trial, that when error exists as to only one or more issues and the judgment is in other respects free from error, a reviewing court may, when remanding the cause for a new trial, whether by the court or a jury, limit the new trial to the issue affected by the error whenever these issues are entirely distinct and separable from the matters involved in other issues and the trial can be had without danger of complication with other matters. * * * ' American Jurisprudence, Vol. 3 [p. 724, sec. 1226]; (citing other cases)." See, also: *Tompkins v. Pilots Ass'n for Bay and River Delaware*, 32 F. Supp. 439; *Dodson v. Raker*, 3 Fed. Rules Serv. 585, 1. F.R.D. 368; *Yates v. Dann*, 15 Fed. Rules Serv. 1011, 11 F.R.D. 386.

In 3 Moore's Federal Practice, p. 3248, with reference to the proper construction of Rule 59, Federal Rules of Civil Procedure, we find the following: "Rule 59 is declaratory of prior case law in providing that a 'new trial may be granted to all or any of the parties and on all or part of the issues * * * '

"Under the former practice courts would order a new trial only for those parties prejudiced by the judgment. Similarly where certain issues were well established and not open to objection, it was an approved practice to order a partial new trial to determine only the unsettled issues. Thus, typically, where only the damages were open to question this issue alone was submitted to the jury for retrial. But 'where the practice permits a partial new trial, it may not properly be resorted to unless it clearly appears that the issue to be retried is so distinct

and separable from the others that a trial of it alone may be had without injustice.' "

. The application of our Rule 59 C (a), as the same is presented here, is one of first impression.

After liability is once established, the question as to the sum to be awarded as damages is entirely separate, distinct and apart therefrom and not interwoven therewith. It definitely appears that the jury disregarded the court's instruction as to the measure of damages and returned a verdict inadequate under the evidence before it. There was no error requiring a retrial of all of the issues in the case, and under the decisions, supra, we are convinced that our Rule 59 C (a), supra, was promulgated by this court to cover a situation such as is here presented.

Under the record we are constrained to hold that the cross specifications here considered are meritorious, and it is ordered that the cause be remanded to the trial court with instructions to set aside the verdict in so far as it constitutes a determination of the amount of damages to which the plaintiff is entitled and grant a new trial on the question of damages only.