**Ralph R. COSTILLA, Plaintiff–Appellee,**

v.

**ALUMINUM COMPANY OF AMERICA, Defendant–Appellant.**

No. 86–2652.

United States Court of Appeals,
Fifth Circuit.

Jan. 12, 1988.

---

Rolando Leon, Robert B. Summers, San Antonio, Tex., for defendant-appellant.

Phillip R. Spicer, Jr., Robert K. Kahn, San Antonio, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge, CAROLYN DINEEN KING * and DAVIS, Circuit Judges.

* Formerly Carolyn Dineen Randall.

W. EUGENE DAVIS, Circuit Judge:

We withdraw our writing in part IIA of our former opinion 826 F.2d 1444, 1447 (5th Cir.1987) and our conclusion at 1448.

We persist in rejecting plaintiff's argument that his recovery may be sustained by the jury finding in response to Interrogatory No. 10 that "the bottle cap was unfit for the ordinary purposes for which it was intended."

Clearly Texas law recognizes that strict liability under § 402A of the Restatement (Second) of Torts and breach of an implied warranty of merchantability are two separate causes of action. *Garcia v. Texas Instruments, Inc.,* 610 S.W.2d 456 (Tex. 1980); *Cleveland v. Square-D Co.,* 613 S.W.2d 790 (Tex.App.1981, no writ). It is only to support a strict liability claim that the product must be shown to have been unreasonably dangerous. *Nobility Homes of Texas, Inc. v. Shivers,* 557 S.W.2d 77, 79–80 (Tex.1977). Nevertheless, depending upon the facts of the case, the determination of defect for purposes of dangerousness for § 402A liability often resolves the issue of defect for unmerchantability liability. See *Brewer v. Jeep Corp.,* 724 F.2d 653 (8th Cir.1983) (the substance of both breach of warranty and strict liability tort covered by the finding that the jeep was not defective and unreasonably dangerous, rejecting the central contention that the jeep was unstable and had a strong tendency to roll); Annotation, *Necessity and Propriety of Instructing on Alternative Theories of Negligence or Breach of Warranty, Where Instruction on Strict Liability in Tort is Given in Products Liability Case,* 52 A.L. R.3d 101.

Though we wrote more broadly than was needed, the one dispositive issue was resolved by the jury, and a double submission was unwarranted in *Foster v. Ford Motor Co.,* 621 F.2d 715 (5th Cir.1980). The controversy in that case was whether the loose dowel pin contributed to a shift in the mechanism of the truck's left front suspension system. That, in turn, depended upon whether the pin served any purpose in the alignment of the other parts of the suspen-

sion or whether, as Ford contended, the purpose of the pin was limited to the manufacturing process and thereafter played no role in the truck's stability. The jury resolved the controversy in favor of Ford by finding that the Ford truck was not defective. That finding, as the court said, "precluded recovery for any loss, under either theory." *Id.* at 720. Similarly, in the case on appeal, the issue was whether the possibility that the Alcoa roll-on closure system would permit premature release of the cap made the system too dangerous for sale, the alternatives being considered, and what warning was required along with the sale. Under the evidence and argument of the parties, a decision on the dangerousness of the product carried the decision on its unfitness.

The finding of unfitness in response to Interrogatory No. 10 is not to the contrary, because that issue did not inquire of the product as and when marketed by Alcoa. "The bottle cap" purchased by the plaintiff was unfit for its purpose, and there was no controversy about the fact between these parties. Alcoa's own expert testified that the improper application of the cap upon the bottle by San Antonio Dr. Pepper left the threads too short and shallow to hold and to prevent the premature release.

### CONCLUSION

Costilla's § 402A products claim against Alcoa predicated on defective design and Costilla's breach of warranty claim against Alcoa were resolved against Costilla by the jury. We find no reason to disturb those findings.

As indicated above, we find it necessary to remand this case to the district court for a partial new trial on liability and a complete new trial on damages for the following reasons: (1) following the trial of this case, the Texas Supreme Court in *Alm v. Alcoa*, 717 S.W.2d 588 (Tex.1986), adopted a new rule that a manufacturer such as Alcoa can fulfill its duty to warn the consumer of the dangerous propensities of its product by giving adequate instruction to the intermediary. The jury in this case was not instructed that Alcoa could fulfill

its duty to warn in this way. Thus, plaintiff's products liability and negligence counts against Alcoa predicated on Alcoa's failure to warn must be retried so the jury can consider the adequacy of Alcoa's instructions and warnings in light of the *Alm* rule; (2) the punitive damage award predicated on Alcoa's reckless failure to warn must also be retried; (3) the compensatory damage issue should also be retried because this issue is so interwoven with the punitive damage issue; and (4) the reassessment by the jury of Alcoa's fault in light of *Alm* also requires the jury on retrial to reconsider the settling co-defendant's fault, if any, and the extent of that fault.

Accordingly, the judgment of the district court is vacated and this case is remanded to the district court for a partial new trial in accordance with this opinion.

VACATED and REMANDED.